UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHANEA KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| BARCLAYS SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Barclays Services, LLC ("Defendant") hereby notices the removal of this action from the Superior Court for Androscoggin County, State of Maine (the "State Court") to the United States District Court for the District of Maine. In support of this Notice of Removal, Defendant states as follows:

### STATE COURT ACTION

1. Plaintiff Shanea Kennedy ("Plaintiff") commenced this action in the Superior Court of Maine, Androscoggin County, by the filing of a Complaint on or about February 11, 2019, entitled *Shanea Kennedy v. Barclays Services, LLC*, bearing Docket No. CV-19-20 ("the State Court Action"). The State Court Action is now pending in that court. Attached as **Exhibit A** is a copy of the Complaint in this matter.

2. On or about April 1, 2019, Defendant was served with the Complaint.

3. On or about April 15, 2019, Defendant filed a Consent Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Complaint. The Motion is attached as **Exhibit B**.

4.      On or about April 19, 2019, the State Court granted Defendant's Consent Motion, giving Defendant until May 13, 2019 to answer or otherwise respond.  The Order is attached as **Exhibit C**.

5.      The aforementioned documents constitute all "process, pleadings and orders" served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

6.      This Notice of Removal is timely filed within thirty days of April 1, 2019, as required by 28 U.S.C. § 1446(b)(3) ("notice of removal may be filed within thirty days after receipt by the defendant, through service of otherwise, of … other paper from which it may first be ascertained that the case is one which is or has become removable").

7.      This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. §1446(c)(1).

## GROUNDS FOR THE NOTICE OF REMOVAL

8.      Section 1332(1) provides, in relevant part, as follows:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

9.      This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to § 1332(a) because it is a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, as set forth below.

### Diversity of Citizenship

10.     According to the Complaint, Plaintiff is a citizen of the State of Maine.  *See* Compl. at ¶ 1.

11. Barclays Services, LLC is a citizen of the States of both New York and Delaware. For diversity jurisdiction purposes, a limited liability corporation such as Barclays Services, LLC is a citizen of each state in which its members are citizens.

12. The sole member of Barclays Services, LLC is Barclays Group US Inc. Accordingly, Barclays Services, LLC is a citizen of every State where Barclays Group US Inc. is a citizen.

13. For diversity jurisdiction purposes, a corporation such as Barclays Group US Inc. is deemed a citizen of its State of incorporation and the State where it has its principal place of business. *See* 28 U.S.C. § 1332 (c)(1).

14. Barclays Group US Inc. is incorporated under the laws of the State of Delaware.

15. As clarified by the United States Supreme Court, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (citations omitted).

16. Barclays Group US Inc.'s corporate headquarters are located in the State of New York. Moreover, a majority of Barclays Group US Inc.'s executive and administrative functions are located in the State of New York. Thus, Barclays Group US Inc.'s principal place of business is in the State of New York, and it is therefore a citizen of the State of New York for purposes of determining diversity of citizenship.

17. Accordingly, Barclays Services, LLC is a citizen of the States of Delaware and New York, and the parties are completely diverse.

18.     Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed. Diversity of citizenship continues to exist at the time this Notice of Removal is being filed.

## Amount in Controversy

19.     Although Plaintiff's Complaint does not specify the precise amount of damages sought, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

20.     "In assessing the amount in controversy, the Court considers the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of Plaintiff's complaint." *Finley v. George Weston Bakeries Distrib., Inc.*, 473 F. Supp. 2d 105, 106 (D. Me. 2007). In her Complaint, Plaintiff is seeking compensatory damages, back pay, reinstatement and/or front pay. *See* Compl. at Wherefore Clause. She also seeks attorneys' fees, which may be considered in estimating whether the amount in controversy on her claim will be over the jurisdictional threshold should she ultimately prevail. *See Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156, 159-60 (D. Me. 2007). As a result, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a).

## Federal Question Jurisdiction

21.     To establish federal question jurisdiction for removal purposes, an action must be "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The United States District Court for the District of Maine has original jurisdiction over this action because Plaintiff alleges violations of federal law. 28 U.S.C. § 1331; *Grable & Sons Metal*

*Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Accordingly, the Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

22. Here, Counts I and III of the Complaint alleges that Defendant violated the Americans with Disabilities Act as Amended ("ADAAA"), 42 U.S.C. § 12101 *et seq.*; Count V of the Complaint alleges that Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and Count VI of the Complaint alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2. These claims clearly arise under the laws of the United States. *See* 28 U.S.C. § 1331. Because Plaintiff's Complaint references and articulates claims under three statutes that invoke federal jurisdiction, removal on the basis of federal question is proper.

23. Additionally, federal courts may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court. *See* 28 U.S.C. § 1367(a). Supplemental jurisdiction over Plaintiff's state law claims is proper because Plaintiff's claims for violations of the Maine Family Medical Leave Requirements law ("MFMLR"), 29 M.R.S. § 843 *et seq.* and the Maine Human Rights Act ("MHRA"), 5 M.R.S. § 4551 *et seq.* are related to Plaintiff's federal law claims as they are part of the same case or controversy under Article III of the United States Constitution and because no novel or complex issue of state law predominates. *See* 28 U.S.C. §§ 1367 and 1441(c). Accordingly, removal of this case to this Court on the basis of federal jurisdiction is proper.

## Venue

24. The United States District Court for the District of Maine is the District Court of the United States within which the State Court Action is currently pending.

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Maine Superior Court Clerk, Androscoggin County.

## NOTICE TO PLAINTIFF

26. Upon filing of the Notice of Removal, Defendant also gave written notice thereof to Plaintiff's counsel, Jordan Payne Hay, Esq. of Skelton Taintor & Abbott, 95 Main Street, Auburn, Maine 04210, pursuant to 28 U.S.C. § 1446(a). Attached hereto as **Exhibit D** is a copy of the Notice of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel.

27. By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

28. If the Court should be inclined to remand this action, Defendants request that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendants an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

29. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

30. Defendant requests that the United States District Court for the District of Maine assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this action proceed as an action properly removed from the Superior Court of Maine, Androscoggin County, to the United States District Court for the District of Maine.

Dated: April 29, 2019                                  Respectfully submitted,

*/s/ Melinda J. Caterine*
Melinda J. Caterine
LITTLER MENDELSON, P.C.
1 Monument Square, Suite 600
Portland, ME  04101
207.774.6001
mcaterine@littler.com
Attorney for Defendant
Barclays Services, LLC

## CERTIFICATE OF SERVICE

I, Melinda J. Caterine, attorney for Defendant, hereby certify that the foregoing Notice of Removal was served this day by mailing a true copy by electronic mail and first-class mail, postage prepaid, to:

>Jordan Payne Hay, Esq.
>SKELTON TAINTOR & ABBOTT
>95 Main Street
>Auburn, ME 04210
>jphay@sta-law.com

Dated: April 29, 2019               Respectfully submitted,

*/s/ Melinda J. Caterine*
Melinda J. Caterine
LITTLER MENDELSON, P.C.
1 Monument Square, Suite 600
Portland, ME 04101
207.774.6001
mcaterine@littler.com

Attorney for Defendant
Barclays Services, LLC